

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# Hewlett v. Abraham

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hewlett v. Abraham" (2007). *2007 Decisions.* Paper 613.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/613

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-321                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1931
_____

EUGENE H. HEWLETT,

Appellant
v.

LYNNE ABRAHAM; 1ST JUDICIAL DISTRICT; EVAN SILVERMAN,
Office of District Attorney of Philadelphia, PA;
MICHAEL J. KELLY, Office of Public Defender; POLICEMAN
LOUIS POLICEMAN, BADGE NUMB #2360; POLICEMAN LEONARD ZITO,
BADGE NUMB 4898; POLICEMAN JOHN DOE, Badge UNK of The
Philadelphia Police Dept.; OFFICE OF PHILADELPHIA DISTRICT
ATTORNEY; THE PHILADELPHIA POLICE DEPARTMENT
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 06-cv-2864)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2007

Before:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES.

(Filed: August 6, 2007)
_____

OPINION
_____

PER CURIAM

Appellant Eugene H. Hewlett appeals <u>pro se</u> from the District Court's order dismissing his civil rights action as untimely and the District Court's subsequent order denying his motion for reconsideration. Hewlett's complaint arises out of his conviction for aggravated assault in 1985 and his overnight detention in March 2003 for the alleged purchase of a firearm as a felon. We need not repeat the details of Hewlett's claims here as they are well-known to the parties and are summarized in the District Court's memorandum. In brief, Hewlett enumerates what he believes were various constitutional problems with his arrest and 1985 trial. Hewlett further contends that he was falsely imprisoned in 2003 because his incarceration was based on the prior improper 1985 felony conviction. We also read Hewlett's complaint as alleging that the Philadelphia District Attorney engaged in malicious prosecution and subjected him to double jeopardy with respect to the 2003 incarceration. Hewlett seeks millions of dollars in damages.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because Hewlett is proceeding <u>in forma pauperis</u>, we must analyze the appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if it is frivolous. An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

To the extent Hewlett complains of constitutional problems with his 1980s arrest, prosecution, trial, and sentencing, those claims are clearly time-barred as the events complained of occurred more than twenty years ago. <u>See</u> <u>Rose v. Bartle</u>, 871 F.2d 331, 348 n.13 (3d Cir. 1989) (Pennsylvania's two-year limitations period for personal injury

2

actions is applicable in section 1983 actions).[1]  Further, the District Court properly

concluded that Hewlett's false imprisonment claim was time-barred because it is

undisputed that Hewlett was released on March 3, 2003, and failed to file suit until more

than two years later in June 2006.  See id.; see also Wallace v. Kato, 127 S. Ct. 1091,

1096 (2007) (statute of limitations begins to run against an action for false imprisonment

when the alleged false imprisonment ends).

Hewlett's malicious prosecution claim likewise fails because prosecutors are

immune from a civil suit for damages under section 1983 for initiating a prosecution and

presenting the State's case.  See Bartle, 871 F.2d at 343 (prosecutors are absolutely

immune from civil liability for activities "intimately associated with the judicial phase of

the criminal process") (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).  See also

Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (decision to initiate a

prosecution is at the core of a prosecutor's judicial role).  Hewlett's double jeopardy

claim is frivolous given that the charge for which he was allegedly wrongfully

incarcerated was ultimately dismissed for lack of prosecution.

For these reasons, we will dismiss the appeal pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

---

[1]In any event, most of these claims would be barred under Heck v. Humphrey, 512
U.S. 477 (1994).